FRED W. CARLSTROM v. NORTH STAR CONCRETE COMPANY.[1]

October 19, 1917.

No. 20,445.

**Negligence — refilling ditch — no question for jury.**

The evidence in this case was insufficient to warrant submitting to the jury the question whether defendant, engaged in constructing a tile ditch across plaintiff's pasture under contract with the county, was negligent in not refilling the ditch before a cow of plaintiff fell into it.

[1]Reported on 164 N. W. 661.

Action in the district court for Blue Earth county to recover $75 for the loss of a cow which was killed by falling into a ditch which defendant was building upon plaintiff's land. The answer alleged that the work was done by a subcontractor according to the terms of a contract between defendant and the county of Blue Earth, and if plaintiff suffered any damage it was solely on account of his failure to exercise due care in the premises. The case was tried before Comstock, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict for $40. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*H. L. & J. W. Schmitt,* for appellant.

*Ivan Bowen* and *Le Roy Bowen,* for respondent.

Bunn, J.

Defendant had the contract for constructing a tile ditch established by the board of county commissioners of Blue Earth county. This ditch crossed plaintiff's pasture. It was some 6 feet deep and about 2 feet wide. The ditch had been dug and the tile laid across the pasture in the latter part of August, 1914. As the tile was laid it was covered with a foot or so of dirt, but the ditch was not filled in, or "backfilled", until late October or early November. Plaintiff kept his cattle in the pasture during all this time. They were accustomed to jump the ditch. On October 4 a cow that plaintiff had purchased shortly before, and which had been in the pasture but 3 days, fell into the ditch and was killed. This action was brought to recover her value.

Defendant moved for a directed verdict, which was denied. The trial court submitted the case to the jury on the question whether defendant was negligent in not backfilling the ditch prior to the time the accident happened. There was a verdict of $40 for plaintiff. The court denied a motion for judgment notwithstanding the verdict and defendant appealed from the judgment thereafter entered.

It is clear that there is no ground for liability unless upon the theory on which the case went to the jury. The contractor was not bound to build fences or provide crossings. If the theory of the trial court is un-

tenable, judgment should be entered for the defendant. Was there any breach of duty in the contractor's not filling in the ditch before the time the accident happened? That was a period of about 6 weeks after the tile was laid and covered with a foot or two of earth. There is no statutory provision that bears upon the time when the ditch shall be filled. Plaintiff relies upon a clause in the specifications attached to the contract. We fail to see that it has anything to say as to the time the trench shall be filled. There is no evidence that the time for completing the work had expired. There was evidence that it is customary and good practice to postpone refilling until rains have washed the loose dirt under the sides of the tile, filling up the hollow places underneath caused by the facts that the tile is round and the trench has square corners at the bottom. Just how long it should be before the dirt on top is shoveled in and the ditch filled up may depend on weather conditions. It is conceivable that the delay might be so great as to be unjustified and that there might be a basis for liability to one injured by falling in the trench. But we do not think that the extent of the delay in this case, when, for all that appears, there was still plenty of time to do the work before the time for completing the contract expired and before freezing interfered, was sufficient to warrant submitting to a jury the question of defendant's negligence. No authorities are cited that are at all in point, and we know of none. The conclusion reached makes it unnecessary to decide the question of contributory negligence, or that of independent contractor. We see no possible ground of liability under the facts in this case.

Judgment reversed, and judgment for defendant ordered.